United States District Court
Southern District of Texas
**ENTERED**
October 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEL Offshore Pipeline, LLC, <br> Plaintiff, | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| v. | | Civil Action H-21-1099 |
| Shell Pipeline Company LP, et al., <br> Defendants. | | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court are Shell Pipeline Company LP's Federal Rule of Civil Procedure 12(e) Motion for More Definite Statement and Rule 12(b)(6) Motion to Dismiss (D.E. 35) and Motion for Reconsideration (D.E. 28). For the reasons discussed below, the court recommends that both motions be denied.

### **1. Background and Procedural Posture**

GEL Offshore Pipeline, LLC, (GEL) filed this action against Shell Pipeline Company LP (Shell) in Texas state court raising causes of action for breach of contract and fraud against Shell and requesting declaratory relief against all Defendants. (D.E. 1-1.) Shell removed the case to federal court because it arises under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b), and thus presents a federal question. (D.E. 1 at 2–3.)

Shell moved to dismiss under Rule 12(b)(6) (D.E. 5), but GEL amended its complaint (D.E. 14) rather than respond to the motion. The amended complaint

raised only claims for breach of contract and declaratory judgment. *Id.* The court denied the motion to dismiss as moot. (D.E. 25.) Shell moved to reconsider the denial of its motion to dismiss arguing that the motion was not mooted by amendment as to GEL's request for declaratory judgment. (D.E. 28 at 4.) According to Shell, GEL's request for a declaratory judgment should be dismissed because it is duplicative of and coextensive with its causes of action for breach of contract. *Id.* at 4–5.

Thereafter, GEL filed its Second Amended Complaint (SAC), which is now the live pleading, reiterating the facts set forth in the Amended Complaint, but adding several defendants. (D.E. 30.) Shell now moves for a more definite statement under Rule 12(e) and reurges its motion to dismiss under Rule 12(b)(6) or to strike under Rule 12(f) GEL's request for declaratory judgment. (D.E. 5 at 9–10; D.E. 28.)

The facts are not complicated. The parties to this case are all owners of the Eugene Island Pipeline System (EIPS), a twenty-inch oil pipeline that delivers crude oil from the Gulf of Mexico to Shell's onshore pipeline on Calliou Island, Louisiana, which in turn delivers the crude oil to inland destinations. (SAC ¶ 9.) Two agreements executed on January 1, 1983, govern the relationship of the parties – the EIPS Operating Agreement and the EIPS Owners Agreement (collectively, the Agreements). *Id.* ¶ 11. Under the EIPS Owners Agreement, each owner owns an undivided interest in the EIPS as a common carrier. *Id.* ¶¶ 10–11. Each owner is entitled to transport crude oil through the pipeline according to its ownership share

in the pipeline. *Id.* Shell is currently serving a five-year term as the operator of the pipeline pursuant to the EIPS Operating Agreement. *Id.* ¶ 13.

According to GEL's reading of the Agreements, "each Owner's monthly capacity shall be determined on a daily basis, with capacity capped at a certain number of barrels per day, and with an explicit prohibition on any adjustments to any Owner's daily capacity[.]" (SAC ¶ 14.) GEL alleges that Shell has taken advantage of its position as the pipeline's operator and is "using more than its pro rata share of its daily Design Capacity—and therefore necessarily using portions of GEL's pro rata share of daily Design Capacity—and not paying GEL for such use." *Id.* ¶ 18. GEL claims that Shell is making up for days when it did not use the pipeline to its allowed capacity by using the pipeline beyond its allowed capacity on other days. *Id.* According to GEL, Shell owes it and, presumably, the other owners for its use of the pipeline beyond its pro rata share of the pipeline's capacity. *Id.* ¶¶ 24, 40.

GEL claims to have suspected Shell was taking advantage of its role as Operator in 2019. (SAC ¶ 18.) GEL initiated its audit rights under the Operating Agreement in June 2019. *Id.* ¶ 19. Shell initially refused to provide any information showing the flow volumes through the EIPS or how those flow volumes were allocated to each Owner. *Id.* Eventually, a third-party auditor was retained to analyze a sample of the data. *Id.* ¶ 20. Shell refused to allow the auditor to share its full analysis. *Id.* ¶¶ 21–22, 25. GEL eventually obtained the auditor's analysis for

3

January 2019 only and believes it can confirm that Shell has been using more than its pro rata share of the pipeline's capacity without paying GEL accordingly. *Id.* ¶¶ 22–23.

### 2. Shell's Motion for a More Definite Statement under Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure allows a court to order a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) must be read in light of Rule 8. *Louis Vuitton Malletier S.A.S. v. Sandra Ling Designs, Inc.*, No. 4:21-CV-352, 2021 WL 3742024, at *2 (S.D. Tex. Aug. 24, 2021). Because Rule 8 requires only a short and plain statement of a claim, motions for a more definite statement are "generally disfavored and [are] used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Id.* (quoting *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011)). Relief under Rule 12(e) is not appropriate when the pleading gives notice of the claim and the details of the claim can be clarified and developed during discovery. *Id.*

The SAC gives ample notice of GEL's complaints against Shell. It identifies the contracts, cites the contractual provisions at issue, and explains how it is that

4

those provisions apply to the facts and circumstances at hand.[1] The SAC details Shell's conduct that GEL alleges violated the contracts.

Shell complains that the SAC does not identify when the breach of contract began. This argument is not well taken. According to the complaint, GEL began to suspect that Shell was abusing its position as Operator in 2019 but lacks access to the information it needs to identify with precision the dates the contract was breached or the amount of damages accrued and when. (SAC ¶¶ 18, 25.) It appears to the court that Shell would uniquely be in possession of the very information that it complains GEL left out of the complaint. In any event, discovery will reveal further details about how the pipeline was used, by whom, and when. The court concludes that the SAC provides sufficient notice to pass muster under Rule 8 and certainly is not so vague or ambiguous that relief under Rule 12(e) is warranted.

### 3. Shell's Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] Copies of the contracts were not attached to the SAC but are in the record attached to the first amended complaint.

5

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555).

Shell seeks dismissal of GEL's request for declaratory judgment because, Shell argues, it is duplicative of the causes of action for breach of contract. Shell does not argue that the declaratory judgment request fails to state a claim upon which relief could be granted if it stood alone in the complaint. Rather, Shell argues that resolution of the breach of contract claims will require a determination of the rights of the parties under the Agreements to the same extent that the declaratory judgment request seeks to do so.

District courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 22.01; *see also* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."). The decision whether to grant declaratory judgment is within the discretion of the district court. *See BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 F. App'x 351, 355 (5th Cir. 2012).

A request for declaratory judgment should be denied if it "seek[s] resolution of matters that will already be resolved as part of the claims in the lawsuit." *Hunt Constr. Grp. v. Cobb Mech. Contractors, Inc.*, Civil No. A–17–CV–00215–LY, 2017 WL 9285507, at *3 (W.D. Tex. June 2, 2017) (quoting *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, No. 4:12–CV–1759, 2012 WL 6569774, at *2 (S.D. Tex. Dec. 17, 2012)). Declaratory relief is not allowed when the scope of the requested declaratory judgment is coextensive with another cause of action. *Cf., e.g., Scritchfield v. Mut. of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004) ("Plaintiffs would get nothing from a declaratory judg[]ment that they would not get from prevailing on their breach of contract claims.").

On the other hand, a claim for declaratory judgment is not duplicative of a breach of contract claim when it addresses "ongoing and future duties" under a contract. *5436, LLC v. CBS Corp.*, Civil Action No. H–08–3097, 2009 WL 3378379, at *17 (S.D. Tex. Oct. 16, 2009) (finding that declaratory relief as to ongoing and future duties was not duplicative of a breach of contract claim); *see also Scritchfield*, 341 F. Supp. 2d at 682 (noting, in dismissing the claim for declaratory judgment, that "[t]here [wa]s no claim that there [wa]s a need to interpret the contract language because of possible future events").

This case falls in the category of cases that found claims for declaratory judgment not to be duplicative of other claims asserted. GEL's breach of contract

claims seek money damages from Shell for breaching the Agreements in the past. (SAC ¶¶ 31–51.) GEL's request for declaratory judgment asks the court to construe the language of the Agreements as to ongoing and future duties of all parties to the contracts. *Id.* ¶¶ 26–30. The claim for declaratory judgment is thus broader that the contract claims because it is forward looking and because it covers all defendants, not only Shell. GEL's claim for declaratory judgment should not be dismissed.

### 4. Conclusion

Because the SAC provides sufficient notice of GEL's claim and because the claim for declaratory judgment is not duplicative of the contract claims, the court recommends that both motions (D.E. 28; D.E.35.) be denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S.

140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 8, 2021.

                                                                                  _____
                                                                                      Peter Bray
                                                                  United States Magistrate Judge